UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| ESTATE OF STEPHEN C. POPOVICH, | : | CASE NO. 1:14-CV-01254 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 8] |
|  | : |  |
| REX ELLIOTT ET AL., | : |  |
|  | : |  |
| Defendant. | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case arises against the backdrop of a dispute over unpaid royalties for music by Meat Loaf between the Estate of Stephen C. Popovich and Sony.[1]  The Estate retained the Defendants, two lawyers and their law firm, to represent it on a contingency fee basis in a lawsuit over that dispute.[2]  The Popovich Estate and Sony eventually reached a settlement agreement under which Sony both paid previously unpaid royalties and also purchased additional rights held by the Estate.[3]

In the present case, the Estate brings five claims against Defendants that essentially fall into two categories.[4]  The first is that Defendants improperly claimed their contingency fee applied to the total value of the settlement when the contingency fee should have only applied to the settlement portion for unpaid royalties.  The second claim says that Defendants malpracticed by taking or failing to take actions relative to the contingency fee agreement or the estate administration.  For example, the Estate accuses the Defendants of failing to notify the Tennessee probate court administering the Estate of the contingency fee agreement or of the transfer of Estate assets pursuant

---

[1] See Doc. 1 at 7-9.
[2] Id. at 7.
[3] Id. at 8-9.
[4] Id. at 11-15.

Case No. 1:14-CV-01254
Gwin, J.

to the settlement.[5]

When Defendants learned that the Plaintiff Estate had sought the Tennessee probate court's permission to file this lawsuit, the Defendant law firm filed a declaratory judgment action in the Southern District of Ohio.[6]  A motion by the Estate to dismiss that suit as impermissibly anticipatory or alternatively to transfer the Columbus lawsuit is pending.[7]

Meanwhile, Defendants have filed a motion seeking (1) to dismiss the present case on the ground that venue is improper; (2) in the alternative to transfer it to the Southern District of Ohio; and (3) in the alternative to stay it until the Southern District of Ohio resolves the motion to dismiss or transfer currently pending there.[8]  The Estate has responded,[9] and Defendants have replied.[10]

For the reasons stated below, the Court **DENIES** the motion to dismiss, **DENIES** the motion to transfer, and **GRANTS** the motion to stay this case pending resolution of the motion to dismiss in the Southern District of Ohio case.

### I. Motion to Dismiss

Defendants first challenge the propriety of venue in this district.  The venue provision relevant to this dispute is the portion of 28 U.S.C. § 1391(b)(2) that permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[11] Venue can be proper in multiple districts.  Indeed, venue is proper in any district in which "a substantial part of the events or omissions giving rise to the claim occurred," even if an even more

_____

[5] *Id.*
[6] Docs. 8-1, 13 at 4.
[7] Doc. 8 at 3.
[8] Doc. 8.
[9] Doc. 13.
[10] Doc. 16.
[11] 28 U.S.C. § 1391(b)(2).

Case No. 1:14-CV-01254
Gwin, J.

substantial part occurred in a different district.[12]

"In analyzing venue under § 1391(b)(2) in actions involving contract disputes, courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred."[13]  The place of expected performance is a good measure of venue "because it is 'determined at the inception of the contract and therefore parties can anticipate where they may be sued' and is also 'likely to have a close nexus to the underlying events.'"[14]

The Plaintiff Estate's argument that the Northern District of Ohio enjoys venue is straightforward.  It notes that the dispute arises out of an agreement under which the Defendants were to represent the Estate in Northern District of Ohio litigation.  Because the agreement for representation was to be performed in this district, the Estate says, venue is easily established here.

Defendants respond that the Estate has raised no challenge to any action taken within this district.  Rather, it says, the Estate is challenging aspects of the contingency fee agreement, which was made in Columbus, in the Southern District of Ohio; behavior relative to the settlement of the case, which occurred pursuant to a mediation conducted in New York; and behavior relative to the administration of the estate, located in Tennessee.  Defendants further argue that the only actions they took in the Northern District of Ohio were filing the complaint and other documents, done electronically from Columbus, and attendance at three status conferences with Judge Nugent.

As an initial matter, it is unclear that Defendants are right in asserting that all of the activity that Plaintiff Estate alleges was breaching or otherwise wrongful occurred outside of the Northern District of Ohio.  Beyond the Defendants' conceded attendance at the status conferences and filing

---

[12] *Capitol Specialty Ins. Corp. v. Splash Dogs LLC*, 801 F. Supp. 2d 657, 671-72 (S.D. Ohio 2011).

[13] *Reilly v. Meffe*, 2:13-cv-372, 2014 WL 1096144, at *4 (S.D. Ohio Mar. 19, 2014).

[14] *Original Talk Radio Network Inc. v. Alioto*, 1:13-cv-00759, 2013 WL 4084247, at *8 (D. Or. Aug. 13, 2013) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986)).

Case No. 1:14-CV-01254
Gwin, J.

of documents, the settlement agreement, although it was negotiated and agreed to in New York, was likely aided by discussions at the conferences and occurred against the backdrop of the filings in the lawsuit. Moreover, the resulting dismissal–presumably a critical component of the settlement–necessarily occurred in this district.

But even if Defendants were correct that the Plaintiff Estate raises no challenge to any particular action in this district, venue would nonetheless be proper here. The Estate's claims are for breach of contract, malpractice, conversion, and unjust enrichment. The heart of each claim is that Defendants in some way violated or failed to live up to their obligations under their agreement to represent the Estate in litigation in the Northern District of Ohio. Because that agreement clearly envisions performance in this district, it constitutes a substantial event giving rise to the present claim, even if all the allegedly breaching or other wrongful acts occurred elsewhere.

The Court will therefore **DENY** Defendants' motion to dismiss this suit for improper venue.

## II. Motion to Transfer Venue

Defendants next ask that this case be transferred to the Southern District of Ohio under 28 U.S.C. § 1404. In support, they say that the Southern District of Ohio is a more convenient forum for parties and witnesses because it will require less travel then proceeding in the Northern District of Ohio. They further say that transferring the case would aid the public interest by discouraging forum shopping.

The Plaintiff Estate responds to the motion to transfer by saying that the convenience factors are slight or non-existent. It further argues that if anyone is guilty of forum shopping, it is Defendants in that the Defendant law firm filed a declaratory judgment action in the Southern District of Ohio upon learning that the Estate was preparing to bring this suit.

The Court need not resolve this issue. The transfer motion asks this court to decide that the

Case No. 1:14-CV-01254
Gwin, J.

case should proceed in the Southern District of Ohio where the declaratory judgment suit is currently pending.  But as the Defendants argue later in their brief, and as discussed below in Part III, the question of which of two pending cases should proceed is more properly resolved by the court presiding over the first-filed case.

To be sure, the analysis under § 1404 is not identical to that under the first-to-file rule.  But the Estate's motion to dismiss the Southern District of Ohio suit also seeks, in the alternative, to have it transferred to this court.[15/]  Thus, in resolving the question of which lawsuit should proceed to judgment, the Southern District of Ohio will rule on the issue of transfer, ending the need for this Court to do so.

Accordingly, the Court will **DENY** the Defendants' motion to transfer venue.

### III. Motion to Stay

Defendants then ask that the proceedings in this case be stayed pending resolution of the motion to dismiss or transfer currently pending in the Southern District of Ohio.  They contend that under the first-to-file rule, that case should proceed to judgment rather than this second-filed case.  Moreover, they say, the determination of whether the first-to-file rule applies should be made by the Court presiding over the first-filed case.

This request comports with the prevailing practice in the Northern District of Ohio.  As a general rule, when suits between the same parties on the same issues are filed in two different federal district courts, only one suit should proceed to judgment.[16/]  And generally, the judge in the first-filed case should decide which case should proceed.  This rule is not absolute, but courts in this district have routinely concluded that the court presiding over the second-filed case should stay its

---

[15/]Doc. 8 at 3.

[16/]*Certified Restoration Dry Cleaning Network L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007).

Case No. 1:14-CV-01254
Gwin, J.

proceedings until the first-filed case determines which case should proceed.[17]

This approach makes sense because it provides an easy to follow rule and discourages derivative forum shopping.[18]

For its part, the Plaintiff Estate responds that it "cannot agree to Defendants' request to stay this action," but cites no law and makes no substantive argument.[19]  The Estate does note that it "agrees that the Southern District, the forum of the first filed action, has the authority to decide whether that action should proceed or be dismissed in favor of the natural plaintiff, the Estate's, substantive action filed herein."[20]

Given the general practice in this district of staying second-filed cases, the prudent reasons for this practice, and the lack of any apparent reason to except this case from it, the Court will **GRANT** the Defendants' motion to stay.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss, **DENIES** the Defendants' motion to transfer, and **GRANTS** the Defendants' motion to stay these proceedings until resolution of the motion to dismiss currently pending in the Southern District of Ohio.  The parties should notify the Court upon the resolution of that motion to dismiss.

---

[17] *See e.g., Espey & Assocs., Inc. v. Principal Mfg. Corp.,* 1:08-CV-2117, 2009 WL 112781, at *2-5 (N.D. Ohio Jan. 15, 2009); *Daimler Chrysler Corp. v. Gen. Motors Corp.,* 133 F. Supp. 2d 1041, 1041-42 (N.D. Ohio 2001); *cf. Nanologix, Inc. v. Novak,* 4:13-CV-1000, 2013 WL 6443376, at *3-4 (N.D. Ohio Dec. 9, 2013) (collecting cases but distinguishing them on the ground that in the case then before the court, a stay would lead to excessive delay).

[18] *Daimler Chrysler Corp.,* 133 F. Supp. 2d at 1044.

[19] Doc. 13 at 11.

[20] *Id.*

Case No. 1:14-CV-01254
Gwin, J.

IT IS SO ORDERED


Dated: September 29, 2014                    s/       *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE